UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* MARY JAMES,<br><br>Plaintiff,<br><br>v.<br><br>ADVENTIST HEALTH SYSTEM/WEST, et al.,<br><br>Defendants. | Case No. 20-cv-06458-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 36, 40 |

The motions to dismiss are granted. The complaint is largely incomprehensible—almost gibberish in many places. That alone might be a reason to dismiss the complaint for failure to state a claim. But it has several other problems.

First, James fails to plead her fraud claims with particularity. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). James' complaint does not come close to clearing that bar. The allegations are entirely conclusory. *E.g.,* Amended Complaint ¶ 46; *see also Lungwitz*, 616 F.3d at 1000. And many are simply irrelevant. *E.g.,* Amended Complaint ¶¶ 61–63, 66.[1]

James' complaint is deficient for another reason: It impermissibly groups together

---

[1] It does not follow from the conclusion that James has failed to plead fraud with particularity that her complaint should have been longer. To the contrary, the main problem with the complaint is that it is written so badly as to be largely impossible to understand.

multiple defendants. James sues two hospitals, several distinct parent entities, a company that provided physicians to the hospital, and a hospital employee. But most of her allegations refer to these diverse defendants collectively. "To satisfy Rule 9(b), a fraud suit against differently situated defendants must 'identify the role of each defendant in the alleged fraudulent scheme.'" *United States ex rel. Anita Silingo v. WellPoint, Inc*., 904 F.3d 667, 677 (9th Cir. 2018) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)). "It is not enough to lump together the dissimilar defendants and assert that 'everyone did everything.'" *Id.* (quotations omitted). James attempts to salvage the complaint by arguing that she has pled a "wheel" conspiracy. But that theory—to the extent it even makes sense, given the defendants' diverse positions—is nowhere to be found in the complaint.

Finally, James fails to state a claim for retaliation under the False Claims Act or California's analogous statute. Her claims are conclusory (and confusing). They are additionally barred by the statute of limitations. 31 U.S.C § 3730(h)(3); Cal. Gov't Code § 12653(c). Normally, it is best to address the statute of limitations later in the case, as an affirmative defense. But this is the rare case that warrants dismissal based on the pleadings. It's undisputed that James filed suit after the three-year statutes of limitations for the retaliation claims expired. And based on the allegations in the complaint, it is difficult to imagine any conceivable argument for equitable tolling. *See, e.g., United States ex rel. Leckner v. Gen. Dynamics Info. Tech., Inc.,* No. 21CV1109-LL-BLM, 2022 WL 4280660, at *3 (S.D. Cal. Sept. 15, 2022).[2]

In an abundance of caution, dismissal is with leave to amend—so long as James' counsel believe they can file an amended complaint consistent with the requirements of Federal Rule of Civil Procedure 11. Any amended complaint is due within 21 days of this order.[3]

//

---

[2] James also fails to cite any authority suggesting that equitable tolling applies to her state law retaliation claim.

[3] James filed nearly identical oppositions to the two motions to dismiss in this case. If James plans to do the same in the future, she should file a consolidated opposition. That consolidated opposition will still be subject to the existing page limits for briefs, but James may request additional pages to address arguments specific to each defendant, if necessary.

**IT IS SO ORDERED.**

Dated: February 2, 2023

_____
VINCE CHHABRIA
United States District Judge